

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

July 23, 1969

Sustained by
Calvert v. Thompson
472 SW2d 311 1971

Honorable Robert S. Calvert
Comptroller of Public Accounts
State Capitol Building
Austin, Texas    78711

Opinion No. M-437

Re:  House Bill No. 579,
     Chapter 497, Acts of
     the 61st Legislature,
     page 1606 (Title 122A,
     Taxation General, V.C.S.),
     regarding certain coin-
     operated machines.

Dear Mr. Calvert:

In your recent request for opinion you present the follow-ing questions:

> "Will an annual license fee under Section 16(1) of Article 13.17 of House Bill No. 579 be required from the following:

> "(a)  The owner of a coin-operated machine or machines which are operated by him exclusively in a liquor store wholly owned and operated by him, in which alcoholic beverages are consumed and sold.

> "(b)  The owner of a coin-operated machine or machines which are operated by him exclusively in bars or taverns operating under one or more permits issued by the Liquor Control Board which are owned by him.

> "(c)  The owner of a coin-operated machine or machines which are operated by him exclusively in a cafe, wholly owned and operated by him, where no alcoholic beverages are sold.

> "In regard to each of these questions, please as-sume that the machines are owned and used directly and strictly in connection with such an establishment

- 2177 -

as distinguished from the business of dealing
in coin-operated machines as such.

"Will the Comptroller be required to collect
the additional permit fee on coin-operated
machines for the last two quarters of the
current year on previously issued permits
under Article 13.02, Article 13.17, Section
27(8), Section 2 which amends Article 13.02
increasing the Annual State Permit Fee on
coin-operated machines from $10 to $15."

Section 16(1) of Article 13.17 (House Bill 579, Chapter 497,
Acts of the 61st Legislature, page 1606), reads as follows:

"The annual license fee for each type and
place of business license under this article
is $300.00."

It is in Section 8 of such Article 13.17 that we find refer-
ence to the type and place of business that must be licensed
under the Article. A portion of Section 8 reads as follows:

"(1)  No person shall engage in business to
      manufacture, own, buy, sell, or rent,
      lease, trade, lend, or furnish to another,
      or repair, maintain, service, transport
      within the state, store, or import, a
      music coin-operated machine or a skill
      or pleasure coin-operated machine without
      a license issued under this Article.

"       . . .

"(3)  No license is required for a corporation
      or association organized and operated ex-
      clusively for religious, charitable, edu-
      cational, or benevolent purposes, no part
      of the net earnings of which inure to the
      benefit of any private shareholder or
      individual, to own, or lease or rent from
      another, a music or skill or pleasure
      coin-operated machine for the corporation's
      or association's exclusive use and in
      furtherance of the purposes for which it
      is established.

"(4)    No license is required for an individual
to own a music or skill or pleasure coin-
operated machine for personal use, and
amusement in his private residence."

To engage in "business" is to engage in a "commercial enter-
prise". Webster's Third New International Dictionary. Although
the recovery of a profit or the expectation thereof is not a
necessary element of a "business", it is the opinion of this office
that one who owns a coin operated machine and operates the same in
his place of business or any other commercial enterprise in the
hope or expectation of making a profit therefrom, or as a "loss
leader" for his other business, as each of your situations imply,
is engaged in the commercial enterprise or business of owning such
machine. If the owner, referred to in your first question in situ-
ations (a), (b) and (c), does not come within any of the exceptions
of Section 8(3) or 8(4), above quoted, then such owner in each of
the three situations will be required to obtain the annual license
referred to in Section 16(1) of Article 13.17.

In regard to your second question, House Bill 579 becomes
effective on September 1, 1969 (90 days after the Legislature
adjourned). The annual occupation tax on each coin-operated
machine is raised from $10.00 to $15.00. The Legislature is not
inhibited by the Constitution from raising the amount or rate of
taxes at any time. Mann v. Gulf States Utilities Company, 167
S.W.2d 557 (Tex.Civ.App. 1942, error ref.); Attorney General's
Opinion No. V-1246, 1951. In this instance, under Article 7052,
V.C.S., the Comptroller has the duty of collecting the additional
$5.00 annual tax on a pro rata basis for the last two quarters
of the current year. As pointed out in Attorney General's Opin-
ion No. 0-3009, 1941, when the tax or license fee is due on an
annual basis, a quarter must be treated as a full quarter. In
other words, if the original $10.00 tax has been paid, $2.50
additional should be collected, so as to effect a complete collec-
tion of the 1969 annual tax.

## SUMMARY

An annual license fee under Section 16(1) of Arti-
cle 13.17, Title 122A, Taxation-General, Vernon's
Civil Statutes, House Bill No. 579, Chapter 497,
Acts of the 61st Legislature, page 1606, will be
required for the owner of a music coin-operated
machine or a skill or pleasure coin-operated machine
which are operated by him exclusively in a liquor
store, bar, or cafe wholly owned and operated by
him. The Comptroller should collect the additional
$5.00 annual occupation tax provided by the new

amendment to Article 13.02, Title 122A, Taxation-General, V.C.S., for the balance of the current year after the effective date of the amendment (September 1, 1969) on a pro rata basis, meaning that under Article 7052, V.C.S., the additional sum of $2.50 should be collected on each machine in order to effect full collection of the 1969 annual tax.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Harold G. Kennedy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Roger Tyler
Houghton Brownlee, Jr.
Bob Flowers
Tom Bullington

Hawthorne Phillips
Executive Assistant